105 N.J. Super. 458 (1969)
253 A.2d 175
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JACK MULVIHILL, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued April 14, 1969.
Decided May 12, 1969.
*459 Before Judges CONFORD, KILKENNY and LEONARD.
Mr. Daniel R. Coburn argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney; Mr. Richard Newman, Deputy Public Defender, of counsel).
Mr. Raymond R. Trombadore, First Assistant Prosecutor, argued the cause for respondent (Mr. Michael R. Imbriani, Somerset County Prosecutor, attorney).
The opinion of the court was delivered by CONFORD, S.J.A.D.
This case involves the question whether, notwithstanding our decision in State v. Koonce, 89 N.J. Super. 169 (App. Div. 1965), the defense of self-defense applies in a criminal assault and battery prosecution where a police officer uses excessive force in compelling a suspect of disorderly conduct to submit to interrogation. The fact situation just assumed is predicated on defendant's *460 testimonial version as to the critical events, which could have been given credence by the jury, and permissible favorable inferences therefrom.
In Koonce, we held, prospectively, that the illegality of an arrest by a police officer acting in the performance of his duties would not constitute a defense to a prosecution for assault on the officer by the arrestee in the course of resistance to the arrest. The facts of that case did not involve the question of unreasonable or excessive force by the police officer in advance of the assault by the arrestee, and the opinion did not deal with the defense of self-defense reasonably necessitated by such force.
The version of the relevant portion of the instant episode testified to by Officer Dowling of the Somerville police was as follows.
He observed defendant on the street, standing in front of a pizzeria along with two other persons. As he passed by he noticed defendant pouring something from a bottle into a cup held by one of the other persons. He then stopped his patrol car, got out and called to defendant and the two other persons to come over to him. As defendant walked toward him he threw the cup which he had in his hand onto the sidewalk. He asked defendant if he had been drinking but defendant did not answer him. However, he was close enough to him to smell alcohol on his breath. He then placed defendant under arrest for drinking on a public street (a violation of a local ordinance). As he told defendant to get into the police car, the latter struck him on the left side of the face. He was knocked to the ground by the blow and immediately got up and grabbed defendant. Defendant and the police officer "tussled" and again both fell to the ground. The officer again got up from the ground and told defendant that he was going to handcuff him and put him into the police car, whereupon defendant kicked the officer in the groin and grabbed him around the waist with one hand on the officer's gun, causing both of them to fall to the sidewalk a third time. As they were on the ground, the officer and *461 defendant struggled for the officer's gun and it discharged against the side of the adjoining building.
Defendant's testimonial version differed sharply. Essentially, it was as follows. A youth of 20, he had been drinking liquor (his own bottle) at the pizzeria, and emerged therefrom, with two companions, still drinking from a cup. As he walked down the street he saw Officer Dowling approach, and he threw the cup down. Dowling asked what he was drinking and what had been in the cup. He refused to answer. Dowling grabbed him and asked to smell his breath. He held his breath, silent, in order to avoid incriminating himself. Dowling shook him by the shoulders "back and forth" and said, to defendant's best recollection, "I should arrest you, you punk." Defendant tried to "pull free from him" and Dowling "jerked him backward," with the result that both men fell to the ground. They arose, Dowling still holding him. Defendant again tried to pull free, whereupon Dowling struck him on the side of the head with his gun, lacerating the scalp. Defendant fell toward the officer and both went down again, Dowling trying to "roll and flip" defendant. Defendant held the officer's right hand, trying to divert away from himself the officer's gun, which was still in the latter's right hand and which he was trying to bring toward defendant, saying to him the while, "Stop or I'll shoot." Defendant was also trying to avoid "getting hit." At that point the gun discharged. Thereupon defendant struck the officer a blow with his right hand on the left side of his face  the act for which he was indicted. Another officer then came to Dowling's rescue.
Portions of the accounts of both principal witnesses were supported by other witnesses.
During summations the trial judge announced that he would disallow the defense of self-defense and instructed defense counsel not to broach it, over the latter's objection. The judge also refused to grant defendant's requests to charge the jury on self-defense. It is clear that its reliance in that regard was on State v. Koonce, supra.
*462 We conclude the court erred in declining to charge the jury the elements of self-defense. The defense was fairly applicable, and for the jury's determination of its merits, if they chose to credit defendant's version of the fracas.
According to defendant, the officer was not purporting to arrest him for the public drinking, but only expressing that view that he "should" arrest him. On that version, the officer was merely holding on to defendant in order to investigate the basis for a possible arrest for public drinking. It is questionable whether defendant's effort to disengage himself to avoid self-incrimination was, in such circumstances, an assault on the officer, but in any case he was not being prosecuted for that, but for the subsequent blow. While he was engaged in the effort to pull free and before he struck the officer with his hand, the latter struck him on the head with a gun butt and threatened to shoot him, the gun actually going off. The jury could have found, if charged with the issue, that these activities constituted excessive force, not reasonably necessary for an officer attempting to detain an uncooperative suspect during investigation of a violation of a municipal ordinance, and that defendant, on the basis of such conduct, reasonably feared serious bodily harm unless he defended himself by striking the officer.
It is settled that, even in the course of making an arrest, a police officer is not justified in using excessive force, and may be accountable for the wanton abuse of discretion in determining the amount of force reasonably necessary for that purpose. See Wimberly v. City of Paterson, 75 N.J. Super. 584, 594 (App. Div. 1962), certification denied 38 N.J. 340 (1962), and cases cited therein. A fortiori as to an officer, not arresting, but merely investigating a suspect, and particularly when the suspected offense is no more serious than violation of a municipal ordinance against drinking on a public street.
Nothing in Koonce militates against the applicability of the foregoing principles in the present circumstances.
*463 In view of the foregoing conclusion, we need not consider other grounds of appeal urged.
Reversed.